THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WESTON L. STODDARD, Defendant.

County Court, Chenango County, November 9, 1935.

*Glenn F. Carter, District Attorney*, for the plaintiff.

*H. C. & V. D. Stratton*, for the defendant.

BROWN, J. The defendant has been indicted by a grand jury of Chenango county, charging him with a violation of section 271 of the Penal Law. It is claimed that he engaged in the practice of law in Chenango county, not having been regularly admitted to

practice as an attorney or counselor in the courts of record of the State. The defendant demurs to the indictment. The chief ground relied upon is that the facts stated in the indictment do not constitute a crime.

The indictment charges, in substance, that on or about October 27, 1934, and at divers times prior thereto, the defendant made it a business to practice as an attorney or counselor in a Justice's Court at a time when he had not been regularly admitted to practice as an attorney and counselor in the courts of record in the State; further alleging that he appeared in a Justice's Court in the town of Columbus in Chenango county as an attorney in behalf of parties, taking part and participating actively in the steps and proceedings in the court. The second count of the indictment charges that, on the date mentioned and at divers times prior thereto, the defendant asked and received directly or indirectly compensation for appearing as an attorney in Justice's Court.

On its face the indictment apparently charges facts bringing it within the provisions of section 271 of the Penal Law.

Counsel for defendant urges that it was not the intention of the Legislature to make the acts alleged against the defendant a crime because of the conflict between section 271 of the Penal Law and section 33 of the Justice Court Act. The latter act provides as follows: " Subject to the provisions of sections two hundred and seventy-one and two hundred and seventy-two of the Penal Law, any person, other than the constable who served the summons or the venire or the law partner or clerk of the justice, may be the attorney for a party to an action before a justice of the peace." Except for the modifying words found in the beginning of section 33, the two sections referred to would be at variance with each other. However, the words " subject to the provisions of sections two hundred and seventy-one and two hundred and seventy-two of the Penal Law," preceding the grant of authority to any person excepting those named to appear in Justice's Court, must be given effect in construing the section.

Having in mind that the Legislature has been attempting to check the unlawful practice of law by persons not admitted to practice as an attorney at law in the courts of record, and by corporations, we find the reason for the enactment of sections 270, 271 and 280 of the Penal Law. Section 271, under consideration here, at the time of the enactment of the Consolidated Laws in 1909, made it unlawful for any person who had not been regularly admitted to practice as an attorney or counselor to appear as attorney in a court or before a magistrate in any city of the first or second class. By chapter 327 of the Laws of 1910 the section was amended by

omitting the word " or " between " first " and " second " and adding the words " or third," thereby making it unlawful for any person not admitted to practice as an attorney to appear in a court or before a magistrate in any city of the first, second or third class. By chapter 50 of the Laws of 1933 the section was again amended, omitting all reference to cities of the first, second or third class.

Section 33 of the Justice Court Act has remained without change for many years. As the evils growing out of the unlawful practice of law by those neither qualified nor licensed to engage in its practice grew, there became greater need for stronger prohibitive measures and section 271 of the Penal Law has been amended from time to time, as indicated above. The evils flowing from the appearance in Justice's Court by persons not regularly admitted to practice as an attorney or counselor were not so apparent as in the other fields where persons not authorized or qualified to practice were active, and evidently the Legislature gave but little, if any, thought to section 33 of the Justice Court Act at the times amendments were being made to the Penal Law, with the resulting confusion.

Reading section 33 of the Justice Court Act in connection with section 271 of the Penal Law and keeping in mind that, at the time of the enactment of the former section, section 271 did not make it unlawful for a person to act as attorney for a party to an action before a justice of the peace, doubt arises as to the intention of the Legislature in its enactment of section 271 in its present form and leaving section 33 unchanged.

Counsel for the defendant cites *People* v. *Title Guaranty & Trust Company* (227 N. Y. 366, 375). That case was before the Court of Appeals on a judgment convicting a party of violation of section 280 of the Penal Law. In that case the court held that the evidence was not sufficient to justify a conviction under that section. In *People* v. *Alfani* (227 N. Y. 334) the court sustained a conviction of a violation of section 270 of the Penal Law. In that case (at p. 341) Judge Crane refers to sections 270 and 271 as not prohibiting a person appearing for another in a court not of record outside cities of the first and second class; at the time of the decision of that case, section 271 did not prohibit a person appearing for another in Justices' Courts outside cities of the first and second class. Such distinction, however, was removed in the enactment of 1933. The Court of Appeals, in *People* v. *Goldsmith* (249 N. Y. 586), reversed the judgment of conviction of a violation of section 270 of the Penal Law upon the ground that there was no evidence that the defendant held himself out to the public as being entitled to practice law within the meaning of that section, evidently basing the judgment of reversal solely upon the insufficiency of the evidence.

Whether the facts in the present case when presented will disclose a violation of section 271 of the Penal Law is not a question now before the court. The indictment charges acts apparently bringing it within the provisions of said section, and, therefore, I hold it sufficient. Demurrer overruled.